**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ALEXANDER ALVAREZ,<br>Petitioner,<br>v.<br>FIDENCIO N. GUZMAN,<br>Respondent. | No. CV 25-10468-DMG (BFM)<br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records and files herein, the Magistrate Judge's Report and Recommendation, and Petitioner's Objections to the Report and Recommendation. The Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made.

Petitioner, who is serving an aggregate term of 50 years to life for first-degree murder, challenges the denial of his request for resentencing under California Penal Code § 1172.1. [Doc. # at 5.] After the Los Angeles County Superior Court denied Petitioner's request, the California Court of Appeal dismissed Petitioner's appeal because the denial was not appealable. *People v. Alvarez*, 2025 WL 2105024, at *2 (Cal. Ct. App. July 28, 2025). The Report recommends granting Respondent's Motion to dismiss the Petition and

dismissing this action with prejudice. [Doc. # 18.] Petitioner's objections to the Report do not merit a different result.

Petitioner objects that he should be permitted to appeal the California Court of Appeal's determination that the trial court's denial of his request for resentencing was not appealable. [Doc. # 20 at 1.] "The Constitution does not . . . require States to create appellate review in the first place." *Smith v. Robbins*, 528 U.S. 259, 270 n.5 (2000). "[W]hether an appeal should be allowed, and, if so, under what circumstances, or on what conditions, are matters for each state to determine for itself." *McKane v. Durston*, 153 U.S. 684, 688 (1894). The State of California has determined that an order by a trial court denying or dismissing a defendant's request for resentencing under Section 1172.1 is non-appealable. *See People v. Faustinos*, 109 Cal. App. 5th 687, 696 (2025) ("We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1."). Petitioner's attempt to challenge this determination raises only a question of state law that is not cognizable in a federal habeas action. *See Estelle v. McGuire*, 502 U.S. 62, 63 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Chessman v. People*, 205 F.2d 128, 131 (9th Cir. 1953) ("Whether to grant an appeal, and the terms upon which it will be granted are purely matters of local law over which federal courts have no control.").

Petitioner objects that this case involves a protected liberty interest. [Doc. # 20 at 1–2.] The Report persuasively explained why Petitioner is wrong. [Doc. # 18 at 4.] "Penal Code 1172.1 is permissive, not mandatory." *Id.* Petitioner had "no right to a ruling, let alone to relief." *Id.* Thus, there is "no basis for finding that section 1172.1 gives rise to a liberty interest enforceable as a matter of federal due process." *Id.*

Petitioner objects that he did not have an opportunity to be heard on his

request. [Doc. # 20 at 2.] But because Section 1172.1 does not give rise to a constitutionally protected liberty interest, Petitioner had no constitutional right to be heard on his request for resentencing under that statute. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("We need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest[.]").

Petitioner objects that the trial court, in denying his request, rendered a discretionary decision that should be reviewed to determine if it achieves legitimate sentencing objectives. [Doc. # 20 at 2.] As explained above, the State of California's determination that there is no appellate review of trial courts' rulings on Section 11721 requests does not raise a cognizable federal habeas claim.

Finally, Petitioner requests a certificate of appealability. *Id.* at 2–3. Because Petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will be denied by a separate order. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Respondent's Motion to Dismiss [Doc. # 9] is granted.
3. Judgment shall be entered dismissing this action with prejudice.

4. The Court Clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: September 30, 2026

DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE